**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

QUESTAR GAS COMPANY FORMERLY d/b/a DOMINION ENERGY UTAH and DOMINION ENERGY SERVICES, INC. * *

*Plaintiffs,* *

v. * Civil Action No.: 3:25-cv-00395-REP

PINNACLE TECHNICAL RESOURCES, INC., *et al.,* * *

*Defendants.*

* * * * * * * * * * * * *

**DEFENDANTS PINNACLE TECHNICAL RESOURCES, INC. AND HANOVER INSURANCE COMPANY'S STATEMENT OF APPLICABLE LAW**

Defendants/Counter-Plaintiffs/Cross-Plaintiffs, Pinnacle Technical Resources, Inc. ("Pinnacle") and Hanover Insurance Company ("Hanover"), pursuant to the Court's Order dated September 24, 2025 (ECF 64), submit this Statement of Applicable Law, stating as follows:

FACTS

The-above-captioned action is a complex insurance coverage and contractual indemnification action arising out a natural gas explosion that occurred on March 20, 2024 in American Fork, Utah on one of Plaintiff's jobsites (the "Occurrence"). The work allegedly causing the Occurrence was performed by employees of Plaintiff and/or TalentBurst, Inc. There were no Pinnacle employees who performed any work on the subject site.

At the time of the Occurrence, there was valid and enforceable contract between Plaintiff and Pinnacle, the Contingent Worker Services Agreement dated and effective June 8, 2020, as amended by various amendments (the "Dominion Agreement"). There was also a valid and enforceable contract between Pinnacle and TalentBurst, the Supplier Subcontracting Agreement

(the "TalentBurst Agreement"). Both the Dominion Agreement and the TalentBurst Agreement contain choice of law provisions that state, in pertinent part:

> The Parties intend that this Agreement be governed by Virginia law without giving effect to Virginia's choice of laws principles.

Both the TalentBurst Agreement and the Dominion Agreement are governed by Virginia law. *See* Pinnacle and Hanover's Answer and Counterclaim. The Dominion Agreement requires Plaintiff to indemnify and hold harmless Pinnacle as follows:

> (a) Indemnity by [Dominion]. To the extent allowed by law, [Dominion] agrees **to indemnify, hold harmless and defend** [Pinnacle], [Pinnacle]'s Affiliates, and each of their respective directors, officers, managers, members, shareholders, representatives, employees, contractors, and agents (each a "Provider Indemnitee") from and against any and all claims, demands, costs, liabilities, lawsuits, or other proceedings brought or threatened by any third party, … (each, a "Provider Claim"), and to pay all of each Provider Indemnitee's costs in connection with, arising from, or relating to any Provider Claim, including but not limited to, any judgment, amounts paid in settlement, fines, penalties, forfeitures, and expenses (including reasonable attorneys' fees through final appeal), whether at law, in equity, or administrative in nature, in any manner relating to this Agreement **and arising out of, resulting from, or caused by: (i) personal injury or death; (ii) property damage**; (iii) violation of law; or (iv) Contractors oversight of work performed, including, but not limited to, the review of documentation and/or access to SAP approvals for requisitions and invoices. [Dominion] will only be liable under this Section 5(a) for claims that arise **in connection with the negligence, gross negligence, or willful misconduct of [Dominion]'s employees, [Dominion]'s contractors, and/or [Dominion]'s contractor's employees.** [Dominion] will not be liable under this Section 5(a) for any injuries, deaths, or damage to the extent that they are caused by a Provider Indemnitee's negligence, gross negligence, or willful misconduct.

*See id.* Similarly, the TalentBurst Agreement requires TalentBurst to indemnify Pinnacle as follows:

> To the extent allowed by law, [TalentBurst] agrees to indemnify, hold harmless and defend [Pinnacle], [Dominion], and [Pinnacle]'s or [Dominion]'s Affiliates, and each of their respective directors, officers, managers, members, shareholders, representatives, employees, contractors, and agents (each a "***Client Indemnitee")*** from and against any and all claims, demands, costs, liabilities, lawsuits, or other proceedings brought or threatened by any third

> party…(each, a "***Client Claim"),*** and to pay all of each Client Indemnitee's costs in connection with, arising from, or relating to any Client Claim, including but not limited to, any judgment, amounts paid in settlement, fines, penalties, forfeitures, and expenses (including reasonable attorneys' fees through final appeal)…in any manner relating to this Agreement and arising out of, resulting from, or caused by: (i) acts or omissions of [TalentBurst], including Contingent Workers, related to any claims for bodily injury to or death of persons, or loss of, damage to or destruction of property; (ii) the negligence or willful misconduct of Contingent Workers in the performance of this Agreement; …(iv) [TalentBurst]'s breach of this Agreement;…

*See* Pinnacle and Hanover's Answer and Crossclaim.

Hanover issued a policy of commercial general liability insurance to its named insured, Pinnacle, under policy number ZHD A860610 08 with effective dates of March 1, 2024 through March 1, 2025 (the "Hanover CGL Policy") and an umbrella policy under policy number UHD A860564 08 with effective dates of March 1, 2024 through March 1, 2025 (the "Hanover Umbrella Policy") (the Hanover CGL Policy and the Hanover Umbrella Policy are collectively the "Hanover Policies"). *See* Pinnacle and Hanover's Answer and Crossclaim. The Hanover Policies were written and delivered to Pinnacle in Texas.

Tokio Marine Specialty Insurance Company, on its own and through its member Philadelphia Insurance Companies (collectively "Tokio Marine"), issued a commercial general liability policy to TalentBurst, Inc. as the named insured under policy number PPK2586981 with a policy period of August 1, 2023 through August 1, 2024 (the "Tokio Marine CGL Policy") and a commercial umbrella liability insurance policy to TalentBurst as the named insured under policy number PUB876242 with a policy period of August 1, 2023 through August 1, 2024 (the "Tokio Marine Umbrella Policy") (the Tokio Marine CGL Policy and Tokio Marine Umbrella Policy are collectively the "Tokio Marine Policies"). The Tokio Marine Policies were written and delivered to TalentBurst in Massachusetts. *See* ECF 63.

ARGUMENT

**I. The Dominion Agreement and the TalentBurst Agreement are governed by Virginia law.**

Both the Dominion Agreement and the TalentBurst Agreement contain choice of law provisions and are governed by Virginia law. Similarly, both the Dominion Agreement and the TalentBurst Agreement contain provisions related to indemnification obligations, duty to defend obligations, and additional insured obligations. As such, any duties arising out of either the Dominion Agreement or the TalentBurst Agreement are governed by Virginia law.

**II. The insurance policies are generally governed by the law of the state in which they were delivered.**

A federal court sitting in Virginia must apply the substantive law of Virginia, including Virginia's choice of law rules. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). "[A]n insurance policy is a contract to which the ordinary rules of contract interpretation apply" and thus, "Virginia's choice-of-law rules dictate that 'generally,[1] the law of the place where an insurance contract is written and delivered controls issues as to coverage.' " *State Farm Fire & Cas. Co. v. Wallace*, 997 F. Supp. 2d 439, 447 (W.D. Va. 2014); *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Block Roofing Corp.*, 754 F. Supp. 2d 819, 822 (E.D. Va. 2010). "'Under Virginia law, a contract is made when the last act to complete it is performed, and in the context of an insurance policy, the last act is the delivery of the policy to the insured.'" *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir.2005). "[T]he critical inquiry is not from where the policies were delivered, but rather to where the policies were delivered." *Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 709 F. Supp. 2d 432, 436 (E.D. Va. 2010). Thus in interpreting

---

[1] The three exceptions are if (1) the parties expressly intend for the law of a specific jurisdiction to govern; (2) the parties intend the contract to be fully performed in another specific jurisdiction (lex loci solutionis); or (3) if the contract is contrary to Virginia public policy. *Black v. Powers*, 48 Va. App. 113, 130, 628 S.E.2d 546, 555 (2006).

each insurance policy, the Court must undertake separate analyses for each policy based on the forum where that policy was delivered. As stated in the *Restatement (First) of Conflict of Laws*, which outlines the traditional choice of law rules utilized by Virginia: "[t]he language of a contract must be interpreted to make clear the intention of the parties. The obligation of the contract is fixed by the law of the place of contracting and comes into effect at that time." § 358 (1934). However, to the extent that the law of the forum leads to the same outcome as the law of either state, "the choice is immaterial, and the law of the forum—[Virginia]—governs.' "*Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 587 (E.D. Va. 2019).

As the Tokio Marine Policies were delivered to TalentBurst, Inc. in Massachusetts, Massachusetts law would generally apply with respect to the nature, validity, and interpretation of the Tokio Marine Policies. Likewise, because the Hanover Policies were written and delivered in Texas, Texas law would generally apply with respect to the nature, validity and interpretation of the Hanover Policies issued to Pinnacle. *See Nat'l Indep. Coal Operators Ass'n, Inc. v. Old Republic Ins. Co.*, 544 F. Supp. 520, 525 (W.D. Va. 1982) (interpreting identical contracts made in different states under different sets of state law).

**III. Priority of coverage is determined by Virginia law.**

As discussed *supra,* the Dominion Agreement and the TalentBurst Agreement contemplate all duties arising out of the Agreements to be governed by Virginia law. The coverage obligations, including priority of coverage, arise out of the contractual obligations in the Agreements and are therefore governed by Virginia law "without giving effect to Virginia's choice of laws principles." *See* Pinnacle and Hanover's Answer and Counterclaim. *See also Black v. Powers*, 48 Va. App. 113, 130, 628 S.E.2d 546, 555 (2006).

However, even if the Court determines that Massachusetts and/or Texas law should apply to the issue of priority of coverage, the outcome of the question as to priority of coverage will be the same based on the applicable laws of both Massachusetts and Texas.[2] A "choice of law analysis becomes necessary only if the relevant laws of the different states [or countries] lead to different outcomes." Perini/Tompkins Joint Venture v. Ace Am. Ins. Co., 738 F.3d 95, 101 (4th Cir. 2013). Thus, Virginia law would still apply.

CONCLUSION

As discussed above, Virginia law governs both the Dominion Agreement and the TalentBust Agreement, and any obligations arising out of those Agreements, including priority of coverage. However, the choice of law on the issue of priority of coverage is, for all intents and purposes, immaterial, as the analysis of priority of coverage under Virginia, Texas, and Massachusetts law will lead to the same result.

DATED this 26th day of September, 2025.

FRANKLIN & PROKOPIK, P.C.

/s/ Catherine E. Donnelly

Catherine E. Donnelly, Esquire (VSB 90681)
FRANKLIN & PROKOPIK, P.C.
2325 Dulles Corner Blvd., Suite 1150
Herndon, VA 20171
Telephone: (703) 793-1800
Facsimile: (703) 793-0298
cdonnelly@fandpnet.com

Renee L. Bowen, Esq. (*admitted pro hac vice*)
FRANKLIN & PROKOPIK, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 230-3943

[2] Plaintiff's insurer, AEGIS, is not a party to this case. It is Pinnacle and Hanover's contention that AEGIS has obligations to defend and indemnify Pinnacle in this case. Plaintiff has failed to provide a copy of the AEGIS policy, despite Pinnacle's and Hanover's request. Pinnacle and Hanover intend to file a Third-Party Complaint to add AEGIS as a party to this case.

(410) 752-6868 (fax)
rbowen@fandpnet.com
*Attorneys for Defendants/Counter-Plaintiffs/Cross-Plaintiffs Pinnacle Technical Resources, Inc. and Hanover Insurance Company*

**CERTIFICATION REGARDING USE OF ARTIFICAL INTELLIGENCE**

No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

/s/ Catherine E. Donnelly
Catherine E. Donnelly, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2025, a copy of the foregoing Defendants/Counter-Plaintiffs/Cross-Plaintiffs Pinnacle Technical Resources, Inc. and Hanover Insurance Company's Statement of Applicable Law was served via PACER upon the following counsel of record:

Frank Talbott V
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
ftalbott@mcguirewoods.com
*Attorneys for Plaintiff*

Richard Joshua Cromwell
McGuireWoods LLP
101 W. Main St., Suite 9000
Norfolk, VA 23510-1655
rcromwell@mcguirewoods.com
*Attorneys for Plaintiff*

Shelby S. Guilbert
Sharika Zutshi
McGuireWoods LLP
1075 Peachtree Street, NE, 35th Floor
Atlanta, GA 30309

sguilbert@mcguirewoods.com
szutshi@mcguirewoods.com
*Attorneys for Plaintiff*

Sean C. Griffin
Longman & Van Grack DC
1629 K Street, NW, Suite 300
Washington, DC 20006
sean@lvglawfirm.com
*Attorneys for Defendant Tokio Marine Specialty Ins. Co.*

Donald Stephenson Schwinn
Ashley R. Archange
Jordan Coyne LLP
10201 Fairfax Boulevard, Suite 520
Fairfax, VA 22030
s.schwinn@jocs-law.com
a.archange@jocs-law.com
*Attorney for Defendant TalentBurst, Inc.*

/s/ Catherine E. Donnelly
Catherine E. Donnelly, Esq.